IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DETRICK D. CROSTON,
ADC # 131172                                                                                      PETITIONER

v.                                       4:22-cv-00616-LPR-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     BACKGROUND**

Petitioner Detrick Croston, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 2). He challenges a prison disciplinary he received, claiming: (1) deprivation of his constitutional rights "due to invasion of privacy and voyeurism due to being recorded by a video surveillance camera while in the shower;" (2) violation of his due process rights during the

disciplinary hearing process; and (3) actual innocence.  (Doc. No. 2 at 1).   Respondent counters that none of Mr. Croston's claims are cognizable in habeas.  (Doc. No. 6 at 4-6).  After careful consideration of the Petition (Doc. No. 2), and Response (Doc. No. 6), I find the Petition must be dismissed without prejudice.

II.   **FACTS**

The disciplinary at issue was filed by Corporal Aaliyah Medley.   In the Incident Report Comments on the Disciplinary Violation (Doc. No. 6-8 at 1), Cpl. Medley stated:

> On 2-13-22 at approx.. 4:45 am I Cpl. A Medley was assigned to 7 and 8 control when I observed Inmate Croston, D #131172 (ID'd by eomis roster photo) in the shower of 8 barracks with an exposed erect penis stroking it with his hand in a back and forth motion looking directly at me. Croston was given a direct order to stop, he did not and continued. Croston has had 5 indecent exposure charges while incarcerated. Therefore I Cpl. Medley am charging inmate Croston, D #131172 with the following rule violations: 10-3 [Indecent Exposure], 12-3 [Failure to Obey Order of Staff].

*Id.*

Mr. Croston received the Notice of Charges on February 15, 2022.  *Id.*   The disciplinary hearing was held on February 17, 2022.  *Id.*   Mr. Croston made the following statement:

> I asked staff to review the camera. I have a lot of disciplinary's. I just went up for parole. This is stupid. I was in the shower and she came around the corner, I then stopped what I was doing. This is a judgement call.

*Id.* at 2.

After the hearing, the hearing officer found Mr. Croston guilty of each charge.  *Id.*   He was given sixty days' commissary, phone, and visitation restrictions, thirty days' punitive isolation, and his good-time class was reduced to Class IV.  *Id.*   Mr. Croston administratively appealed to the warden and the disciplinary hearing administrator.  *Id.* at 3.  Both upheld the hearing officer's determination.  *Id.*

III.   **ANALYSIS**

2

Mr. Croston claims a Fourth Amendment violation, a due process rights violation during his disciplinary hearing, and actual innocence. (Doc. No. 2 at 1). First, he claims he had a sheet up as a shower curtain to block a camera that pointed directly into the shower and Cpl. Medley's "view of his naked body." *Id.* at 1-2. He claims a deprivation of privacy rights when Cpl. Medley made him remove the sheet "so she could watch me shower naked." *Id.* at 2-3. Next, Mr. Croston claims the hearing officer refused to allow the surveillance video to be called as a witness during the disciplinary hearing and denied his request to review the footage. *Id.* Last, Mr. Croston states he is actually innocent of the charges. *Id.* at 1. He does not further explain this claim. For the reasons that follow, Mr. Croston's claims do not warrant relief.

A.    **Claims Are Not Cognizable in Habeas**

A habeas corpus action is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ is "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, habeas corpus is "the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Id*. at 490. When a prisoner does not challenge the validity of his conviction or the length of his detention, a writ of habeas corpus is not the proper remedy. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). In this case, Mr. Croston seeks that the Court hold an evidentiary hearing, reverse the disciplinary verdict, and expunge it from his institutional file. (Doc. No. 2 at 4). But the sanctions imposed – being the commissary, phone, and visitation restrictions, punitive isolation time, and reduction in class – do not affect the length of his detention, rather they are conditions of confinement.

Mr. Croston argues that his reduction to Class IV "stopped him from going for parole on May 19, 2022[,] extending his stay in confinement of incarceration no less than another year." *Id.*

at 3. According to Mr. Croston's pen pack, his transfer eligibility date was February 5, 2022, and a Transfer Board Hearing was to be held on May 19, 2022; however, he was "passed out of class." (Doc. No. 2-7 at 6). In order to prevail on a Fourteenth Amendment due process claim, a claimant must first demonstrate he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Croston was not deprived of life or property as a result of the disciplinary; therefore, he must identify deprivation of a liberty interest to sustain a due process challenge. In the prison setting, states may, under certain circumstances, create liberty interests protected by the Due Process Clause. *Id*. at 847 (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). But these interests are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to freedom from state actions that "inevitably affect the duration" of a prisoner's sentence. *Sandin*, 515 U.S. at 484, 487. First, prison disciplinaries and reduction in class can prevent parole release. *See* 158-00-15 Ark. Code R. § 2.13 (Arkansas Parole Board Manual stating "[i]n making its determination regarding an inmate's release or discretionary transfer, the Board must consider the following factors. . . [i]nstitutional adjustment in general, including the nature of any disciplinary actions"). However, parole release is discretionary and does not result in a reduction of a prisoner's sentence. *See* Ar. Code. An. § 16-93-701(b)(1)-(2). Thus, Arkansas's parole statutes do not create a liberty interest in transfer eligibility or parole release. *See e.g., Hamilton v. Brownlee*, 237 Fed.Appx. 114, 115 (8th Cir. 2007) (stating "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions" citing *Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir. 1984) (holding protected liberty interest may be created by state statutes governing parole; however, Arkansas statutes do not create liberty interest because they provide that Parole Board "may" grant parole and substantive

limitations on Board's discretion are minimal). Thus, Mr. Croston's challenge to the sanctions is not cognizable in habeas.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Croston has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Croston's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED without prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 23rd day of August 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE